UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| JUSTIN M. WOODS,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN, USP – MCCREARY,<br><br>    Respondent. | Civil Action No. 6: 25-CV-079-CHB<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Justin M. Woods is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Woods filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons ("BOP") has improperly failed to apply certain First Step Act ("FSA") time credits to his sentence. [R. 1]. The U.S. Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the respondent and filed a response in opposition to Woods's petition. [R. 9]. Woods then filed a reply in support of his petition. [R. 10]. This matter is therefore ripe for a decision from this Court.

The Court has fully reviewed the parties' submissions and will deny Woods's request for relief. As the U.S. Attorney's Office points out, federal regulations make it clear that an inmate may only have First Step Act time credits applied to his sentence if he has demonstrated a recidivism risk reduction or maintained a minimum or low recidivism risk during his term of imprisonment. [R. 9, p. 3 (citing 28 C.F.R. § 523.44(b)(2))]. Here, the BOP has repeatedly assessed Woods's recidivism risk using its standard assessment tool and determined that he has maintained a high risk of recidivism. [R. 9-1, p. 2, para. 5]. In fact, despite Woods's argument that "he was never

assessed in 2024 or in 2025 by the Unit Team, and his risk level has never been reassessed," [R. 10, p. 2], the U.S. Attorney's Office has filed into the record the BOP's latest "FSA Time Credit Assessment" from June 8, 2025, and it shows that Woods still maintains a high risk of recidivism. [R. 9-1, pp. 9–11]. As a result, the BOP has not applied First Step Act time credits to Woods's sentence. [R. 9, pp. 3–4]. This result is consistent with the law. *See, e.g.*, *Shipman v. Cox*, No. 4:22-cv-001, 2022 WL 1239063, at *3 (N.D. Ohio April 27, 2022); *Hernandez v. Warden*, No. 1:21-cv-0599, 2022 WL 452408, at *3 (M.D. Pa. Feb. 14, 2022). Thus, Woods's petition is unavailing.

Accordingly, it is **ORDERED** that:

1. Woods's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [**R. 1**], is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the docket.

3. The Court will enter a corresponding Judgment.

This 10th day of September, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY